UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| PAUL MAAS RISENHOOVER,<br><br>       Petitioner,<br>v.<br><br>WASHINGTON COUNTY COMMUNITY SERVICES, and CONDOLEEZZA RICE,<br><br>       Respondents. | Civil No. 07-4509 (ADM/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Docket No. 1.)  The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

Petitioner's voluminous submissions in this case are almost completely indecipherable.[2]  As far as the Court can tell, Petitioner is a United States citizen who is

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[2] The substantive grounds for relief listed in Petitioner's habeas corpus petition, repeated verbatim and in their entirety, are as follows:

[1] no actual or effective notice to Petitioner prior to adverse action of passport denial by MN, no facially valid order from OK per 4305118.77,20, Ying Liang owes Petitioner $214.92 per mo from 95-97, Pet. gave $7000 to parents for minor child's care. [2] passport denial viol 13th amend Kozminski holds differently abled entitled to proper regard for their circumstances as Petitioner, the payment plan is contract debt, not an OK order. [3] Passport denial statute viol Art One habeas suspension.  The statute & 005 letter to

currently residing in Taiwan.  He seems to be alleging that he has been barred from re-entering the United States, and he apparently wants a court order that would make it possible for him to return to this country.  Such relief, however, cannot be obtained by a § 2254 habeas corpus petition.

28 U.S.C. § 2254 authorizes federal district courts to review claims brought by individuals who are "in custody pursuant to the judgment of a State court."  In this case, there is nothing in any of Petitioner's submissions which suggests that he is being held "in custody" by any Minnesota state agency or official.  To the contrary, everything in Petitioner's submissions suggests that he is residing in Taiwan, and he is far removed from any Minnesota incarceration, confinement or detention.  Furthermore, even if Petitioner could satisfy the "in custody" requirement, there is nothing in his submissions which shows that he is in custody pursuant to a Minnesota state court judgment.

Thus, the Court concludes that Plaintiff's current claims for relief, (whatever they may be), cannot be raised and adjudicated in a habeas corpus petition brought under 28 U.S.C. § 2254.  It is therefore recommended that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.  Having determined that this case must be summarily dismissed, it is further recommended that Petitioner's pending application for leave to proceed in forma pauperis, (Docket No. 4), be summarily denied.  See Kruger v.

---

me says no appeal allowed, thus suspending habeas unconstitutionally. [4] Exile from domicile abroad viol 8th & 3rd amendments.  Of first impression on 3rd amend but see petitions before 1789 re quartering overseas extraterritorially, also, last time OK immediately filed crim omission information using passport denial as extrajudicial extradition viol. due process treaties, law of nations."

(Petition, [Docket No.1], pp. 4-5.)

Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

### III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 4), be DENIED; and

3. This action be summarily dismissed.

Dated: November 8, 2007

                                                     s/ Arthur J. Boylan
                                                   ARTHUR J. BOYLAN
                                                   United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before November 26, 2007.