UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Paul Maas Risenhoover,

        Petitioner,

  v.

Washington County Community Services
and Secretary of State Condoleezza Rice,

        Respondents.

**MEMORANDUM OPINION AND ORDER**
Civil No. 07-4509 ADM/AJB

Paul Maas Risenhoover,

        Petitioner,

  v.

Theresa Wilson, Patricia Kinzer,
Jenna Pennfield, Washington County
Community Services, Secretary of State
Condoleezza Rice, and John or Jane Doe
Secretary of Health and Human Services,

        Respondents.

Civil No. 07-4518 ADM/AJB

_____

Paul Maas Risenhoover, *pro se*.

Gregory G. Booker, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Secretary of State Condoleezza Rice.

Kari A. Lindstrom, Esq., Washington County Attorney's Office, Stillwater, MN, on behalf of Theresa Wilson, Patricia Kinzer, Jenna Pennfield, and Washington County Community Services.
_____

## I. INTRODUCTION

These related matters are before the undersigned United States District Judge for consideration of: (1) Petitioner Paul Maas Risenhoover's ("Petitioner") Objections [Civ. No. 07-4509 Docket No. 6] to Magistrate Judge Arthur J. Boylan's Report and Recommendation

("R&R") [Civ. No. 07-4509 Docket No. 5] that Petitioner's "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" ("28 U.S.C. § 2254 Petition") [Civ. No. 07-4509 Docket No. 1] be denied; (2) Petitioner's Motion for Temporary Restraining Order [Civ. No. 07-4509 Docket No. 2]; (3) Petitioner's Motions to Stay [Civ. No. 07-4509 Docket Nos. 7 and 8]; (4) Petitioner's Motions to Supplement Habeas Petition [Civ. No. 07-4509 Docket Nos. 12 and 13]; (5) Petitioner's "Petition for Writ of Habeas Corpus [by a] Person[] in Federal Custody under Title 28 U.S.C. Section 2241" ("28 U.S.C. § 2241 Petition") [Civ. No 07-4518 Docket No. 1]; (6) Petitioner's Ex Parte Motion for Writ of Mandamus [Civ. No. 07-4518 Docket No. 42] in Civil Number 07-4518. For the reasons set forth below, Petitioner's Objections are overruled, Petitioner's 28 U.S.C. § 2241 and § 2254 Petitions, Motion for Temporary Restraining Order, Motions to Stay, and Motions to Supplement Habeas Petition are denied with prejudice.

## II. BACKGROUND

**A.     Procedural History**

Petititioner's 28 U.S.C. § 2241 and § 2254 Petitions were filed and docketed separately on November 2, 2007. Although both Petitions raise issues arising out of the same nucleus of facts—the potential revocation of Petitioner's United States passport because of past due child support payments—the Petitions were initially assigned to different judges before being reassigned to the undersigned United States District Judge. The procedural posture regarding each Petition is slightly different.

Judge Boylan's November 8, 2007, R&R in Civil Number 07-4509 recommends summary denial of Petition's 28 U.S.C. § 2254 Petition because of lack of subject matter jurisdiction. R&R at 2; see Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). Neither Washington County Community Services ("WCCS") nor Secretary of State Condoleezza Rice (the "Secretary of State") has appeared in Civil No. 07-4509.

In Civil Number 07-4518, Magistrate Judge Janie S. Mayeron ordered that the respondents file responses limited to the issue of subject matter jurisdiction. Nov. 27, 2007, Order [Civ. No. 07-4518 Docket No. 4]. WCCS and its agents Theresa Wilson ("Wilson"), Patricia Kinzer ("Kinzer"), Jenna Pennfield ("Pennfield") (Wilson, Kinzer, Pennfield, and WCCS collectively are the "WCCS Respondents") filed a joint Response [Civ. No. 07-4518 Docket No. 34] on December 21, 2007, and the Secretary of State filed a Response [Civ. No. 07-4518 Docket No. 35] on December 27, 2007. The Secretary of Health and Human Services has not appeared in Civil Number 07-4518.

Because Petitioner's Petitions in Civil Numbers 07-4509 and 07-4518 arise out of the same nucleus of operative facts and present nearly identical claims, this Court addresses the claims raised in both Petitions in this Order.

**B.      42 U.S.C. § 652(k)**

42 U.S.C. § 652(k) establishes a mechanism for the denial of a passport application and the revocation of an existing passport of an individual who owes more than $2,500 in past due child support. Under § 652(k), a state agency certifies to the Department of Health and Human Services ("DHHS") that an individual owes more than $2,500 in past due child support. 42 U.S.C. § 652(k)(1). The secretary of DHHS then transmits the certification to the secretary of state. Id. Upon receiving the certification, "[t]he Secretary of State shall . . . refuse to issue a

3

passport to such individual, and may revoke, restrict, or limit a passport issued previously to such individual." 42 U.S.C. § 652(k)(2). In 2005, the statutory amount that triggered certification was $5,000. 42 U.S.C. § 652(k)(1) (2005).

**C.    Factual Background**

On March 20, 1995, an Oklahoma state court entered a decree of divorce dissolving the marriage of Petitioner and Ying Liang ("Liang"), awarding primary custody of the couple's minor son to Petitioner, and ordering Liang to pay child support of $214.92 per month to Petitioner. Civ. No. 07-4509 Mot. for TRO [Civ. No. 07-4509 Docket No. 2] at 29-32. On July 25, 1997, the Oklahoma court entered an order reflecting an agreement between Petitioner and Liang that primary custody of the couple's child be awarded to Liang and that Petitioner pay child support of $500 per month to Liang beginning in May 1997. 28 U.S.C. § 2241 Petition Attach. 1.

In 2005, Liang, who had relocated to Washington County, Minnesota, sought enforcement of the 1997 Oklahoma child support order through WCCS. Civ. No. 07-4509 Mot. for TRO at 2. On December 15, 2005, the State Department issued Petitioner a limited-validity passport rather than a full-validity passport because DHHS had transmitted WCCS's certification that Petitioner owed more than $5,000 in past due child support. Washington Decl. [Civ. No. 07-4518 Docket No. 36] ¶ 7. The limited-validity passport was valid only for direct return to the United States. Id. ¶ 7. Petitioner was living in Taiwan in December 2005. Id. Ex. 2. On February 22, 2006, the State Department issued a full-validity passport to Petitioner based on DHHS's notification that Petitioner had paid the outstanding child support. Id. ¶ 8.

In March 2007, WCCS certified to DHHS that Petitioner owed more than $2,500 in child support. 28 U.S.C. § 2241 Petition at 2. On April 24, 2007, DHHS transmitted WCCS's

4

certification to the State Department.  Washington Decl. ¶ 9.  Petitioner filed his 28 U.S.C. § 2241 and § 2254 Petitions because the visa pages in his passport are full and he is concerned the State Department will revoke his passport if he submits it for the addition of visa pages.  Civ. No. 07-4509 Mot. for TRO at 1-2.  The record is unclear regarding Petitioner's whereabouts.  Although recent communications to the Court reflect an address in Taiwan, Petitioner states he is not currently in Taiwan.  Objections at 8.

### III. DISCUSSION

**A.     This Court Lacks Subject Matter Jurisdiction**

    **1.     Standard of Review**

Rule 4 of the Rules Governing Section 2254 cases provides that a district court must dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 is applicable to § 2241 habeas cases through Rule 1(b).  In reviewing subject matter jurisdiction, this Court relies exclusively on Petitioner's Petitions and exhibits.

    **2.     Petitioner is Not in Custody**

Federal jurisdiction exists over petitions for habeas corpus only when the petitioner is in custody:

    The writ of habeas corpus shall not extend to a prisoner unless—

        (1)    He is in custody under or by color of the authority of the United States . . .; or

        (2)    He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

>  (3)   He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(c)(3). Section 2254 authorizes federal district courts to review habeas claims brought by individuals who are "in custody pursuant to the judgment of a State court." Judge Boylan recommends denial of Petitioner's § 2254 Petition because neither Petitioner's § 2254 Petition nor his numerous memoranda and exhibits suggest that Petitioner is in custody pursuant to the judgment of a Minnesota court. This Court agrees. The plain language of the federal habeas statutes "contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Wales v. Whitney, 114 U.S. 564, 574 (1885) (quoted in Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004)).

Given that Petitioner is somewhere in Asia, it is clear that neither WCCS nor the Secretary of State exercises immediate physical custody over Petitioner. Recognizing this, Petitioner cites the Supreme Court's statement in Padilla that federal courts "no longer require physical detention as a prerequisite to habeas relief." 542 U.S. at 437. Petitioner argues he is effectively in custody, wherever he is, because he is unable to travel internationally without a passport. However, this Court agrees with Judge Boylan that Petitioner is not in custody as contemplated by the federal habeas statutes. Therefore, Petitioner's Objections to the R&R are overruled and Petitioner's § 2254 Petition is denied.

The reasoning in Judge Boylan's R&R also applies to Petitioner's § 2241 Petition, in which Petitioner alleges he is in federal custody. For the reasons stated above, the Court finds that neither WCCS nor the Secretary of State are holding Petitioner in federal custody within the meaning of the habeas statutes. Therefore, Petitioner's § 2241 Petition is denied.

B.     **Petition's Constitutional Challenges Fail**

   1.     **Standard of Review**

In the alternative, the Court finds Petitioner is not entitled to habeas relief under 28 U.S.C. § 2241 or § 2254 because his constitutional claims fail on the merits.  In addressing these claims, the Court considers the filings submitted by the Secretary of State and by the WCCS Respondents.  Therefore, the Court applies the summary judgment standard in reviewing these claims.  Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party.  Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).  The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial."  Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

   2.     **Petitioner's Facial Challenges to 42 U.S.C. § 652(k)**

Petitioner argues that the passport denial scheme of 42 U.S.C. § 652(k), on its face, violates the Due Process Clause and the Equal Protection Clause.  Petitioner also argues that 42 U.S.C. § 652(k) amounts to an unconstitutional bill of attainder.  The Second and Ninth Circuits have rejected similar constitutional challenges to 42 U.S.C. § 652(k).  Eunique v. Powell, 302 F.3d 971 (9th Cir. 2002); Weinstein v. Albright, 261 F.3d 127 (2d Cir. 2001).  This Court agrees with the reasoning in those cases.  42 U.S.C. § 652(k) provides procedural due process

protections. Before certifying that an individual owes child support, a state agency must afford the affected individual with "notice of such determination and the consequences thereof, and an opportunity to contest the determination." 42 U.S.C. § 654(31)(a). Further, federal regulations require that each state have in place "an administrative complaint procedure . . . to allow individuals the opportunity to request an administrative review, and take appropriate action when there is evidence that an error has occurred or an action should have been taken on their case." 45 C.F.R. § 303.35 (2007). These procedures satisfy procedural due process.

Petitioner also attempts to raise a substantive due process claim. "The constitutional right of interstate travel is virtually unqualified. By contrast the 'right' of international travel has been considered to be no more than an aspect of the 'liberty' protected by the Due Process Clause of the Fifth Amendment . . . [and] can be regulated within the bounds of due process." Califano v. Torres, 435 U.S. 1, 5 n.6 (1978) (citations omitted). Therefore, "legislation which is said to infringe the freedom to travel abroad is not to be judged by the same standard applied to laws that penalize the right of interstate travel . . . ." Califano v. Aznavorian, 439 U.S. 170, 176-77 (1978). The Supreme Court has not clarified what standard courts should apply in reviewing statutes that infringe the right to travel abroad. Eighth Circuit case law is silent on the issue. The Ninth Circuit has held that "[g]iven the lesser importance of this freedom to travel abroad, the Government need only advance a rational, or at most an important, reason" for restricting international travel. Freedom to Travel Campaign v. Newcomb, 82 F.3d 1431, 1439 (9th Cir. 1996).

Assuming arguendo that the Government needs an important reason to interfere with an individual's right to international travel, the Court finds that Congress has an important interest in parents paying child support "because unsupported children must often look to the public fisc,

including the federal treasury, for financial sustenance." Eunique, 302 F.3d at 975. The passport denial statute is substantially related to this interest because it focuses the mind of a parent, such as Petitioner, who wishes to travel internationally "on a more important concern—the need to support one's children first." Id. Therefore, Petitioner's substantive due process challenge is rejected.

Petitioner next argues that the passport denial scheme of 42 U.S.C. § 652(k) violates the Equal Protection Clause because it has a greater effect on individuals domiciled abroad who often travel internationally than on individuals domiciled in the United States who do not often travel internationally. 28 U.S.C. § 2241 Petition Attach. 2 at 6. However, this claim fails because § 652(k) denies a passport to all individuals who owe more than $2,500 in past due child support, regardless of whether they are domiciled in the United States or abroad.

Petitioner also argues that § 652(k) amounts to an unconstitutional bill of attainder in violation of Article I, § 9 of the Constitution. "Bills of attainder are 'legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial.'" Citizens for Equal Protection v. Bruning, 455 F.3d 859, 869 (8th Cir. 2006) (quoting United States v. Lovett, 328 U.S. 303, 315 (1946)). Petitioner's bill-of-attainder argument is rejected because he has no basis to argue that § 652(k) singles him out.

Alternatively, Petitioner's argument fails because § 652(k) is not punitive in nature. "There are three necessary inquiries regarding whether [§ 652(k)] inflicts forbidden punishment: an historical test, a functional test, and a motivational test." WMX Techs. v. Gasconade County, 105 F.3d 1195, 1202 (8th Cir. 1997). Historically, bills of attainder often imposed the death penalty, imprisonment, banishment, and the punitive confiscation of property. Selective Serv.

9

Sys. v. Minn. Pub. Interest Research Group, 468 U.S. 841, 852 (1984).  Section 652(k) is not a bill of attainder under the historical test because denying a passport to individuals who owe substantial amounts of child support to prevent them from traveling internationally is not the type of traditional punishment covered by the Bill of Attainder Clause.  Moreover, Petitioner can become eligible for a passport by paying his past due child support.  See Selective Serv. Sys., 468 U.S. at 853 (holding that a statute that denies financial aid to individuals who fail to register for selective service but leaves open the possibility of becoming eligible by registering is not a bill of attainder).

Under the functional test, § 652(k) is not punitive because "when viewed in terms of the type and severity of burdens imposed, [§ 652(k)] reasonably can be said to further nonpunitive legislative purposes."  Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 475-76 (1977).  A nonpunitive purpose is encouraging payment of child support.  Finally, § 652(k) is not a bill of attainder under the motivational test "because there are no facts showing that Congress intended to punish parents who owe child support arrearages by denying their passport applications." Weinstein v. Albright, Civ. No. 00-1193, 2000 U.S. Dist. LEXIS 11604, at *25-26 (S.D.N.Y. Aug. 14, 2000).  Section § 652(k) is not a bill of attainder.

The Court finds Petitioner's numerous other facial constitutional challenges to 42 U.S.C. § 652(k) are without merit and do not require discussion.

### 3. Petitioner's Allegation that WCCS Violated his Due Process Rights

Petitioner also claims that WCCS's March 2007 certification to DHHS that Petitioner owed past due child support violated his rights to due process because there was "no notice, no hearing, and no evidence."  28 U.S.C. § 2241 Petition at 2.  Petitioner alleges WCCS willfully sent pre-certification notice to Petitioner at an address in Pan Chaio, Taiwan, where he no longer

10

resided. Id. Attach. 2 at 22. However, under 45 C.F.R. § 303.35(a), states must provide individuals with an administrative complaint procedure to review improper certifications. Petitioner does not allege that WCCS has failed to provide an administrative complaint procedure. In fact, Petitioner does not dispute that he owes more than $2,500 in past due child support under the terms of the 1997 Oklahoma order. Instead, he alleges he has contacted WCCS but it is unwilling to remove the certification until he pays his child support obligations. Id. Attach. 2 at 15, 20. Although Petitioner is dissatisfied with this result, the availability of a post-certification administrative complaint procedure provides Petitioner with adequate procedural due process.

    **4.    Petitioner's Argument that this Court Should Modify his Child Support Obligations**

Petitioner does not dispute that he owes past due child support under the terms of the 1997 Oklahoma court order. Instead, Petitioner asks this Court to declare the 1997 Oklahoma child support order invalid because the order allegedly violated Oklahoma law and because Petitioner was incompetent to represent himself *pro se* in the Oklahoma proceedings. 28 U.S.C. § 2241 Petition Attach. 2 at 13, 20-21. Petitioner also requests that this Court modify his child support arrearages and payments to reflect his limited income. Id. Attach. 2 at 43. However, federal "[d]istrict courts may not review state court decisions, even if those challenges allege that the state court's action was unconstitutional, because federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court." Ballinger v. Culotta, 322 F.3d 546, 548 (8th Cir. 2003) (quotation marks and citations omitted). "This jurisdictional bar extends not only to straightforward appeals but also to more indirect attempts by federal plaintiffs to undermine state court decisions." Id. (quotation marks and citation omitted).

Therefore, Petitioner cannot use federal habeas review to undermine the 1997 Oklahoma child support order. Petitioner must file an action in an appropriate state court to obtain review of his child support obligations and other issues regarding the welfare of his son. Petitioner is not entitled to relief on any of the claims asserted in his 28 U.S.C. § 2241 and § 2254 Petitions.

**C.     Petitioner's Ex Parte Motion for Writ of Mandamus**

In his Ex Parte Motion for Writ of Mandamus, Petitioner complains that a State Department regulation issued in November 2007 stated that "United States in a geographical sense means the Continental United States, Alaska, Hawaii, Puerto Rico, Guam, and the Virgin Islands of the United States." Passports, 72 Fed. Reg. 64930, 64932 (Nov. 19, 2007). Petitioner complains that this definition excludes United States territories and possessions. However, the regulation was corrected on January 30, 2008, so that the definition now includes "all other United States territories and possessions." Revisions to Passport Regulations; Correction, 73 Fed. Reg. 5435 (Jan. 30, 2008); 22 C.F.R. 51.1. Therefore, although the basis for Petitioner's mandamus motion was dubious, any issues raised therein are moot.

**D.     Petitioner's Remaining Motions**

In his Motion for Temporary Restraining Order and his Motions to Stay, Petitioner requests a temporary injunction that would cause the WCCS Respondents, DHHS, and the State Department to take action to remove the § 652(k) certification. Because this Court has denied Petitioner's 28 U.S.C. § 2241 and § 2254 Petitions, his Motion for Temporary Restraining Order and his Motions to Stay are denied.

In his Motions to Supplement Habeas Petition, Petitioner asserts various constitutional claims challenging the fact that citizens of the District of Columbia cannot elect voting members of Congress, and challenging alleged torture of detainees at Guantanamo Bay. These motions

are denied because Petitioner lacks standing to assert these claims.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Petitioner Paul Maas Risenhoover's ("Petitioner") Objections [Civ. No. 07-4509 Docket No. 6] to Magistrate Judge Arthur J. Boylan's Report and Recommendation [Civ. No. 07-4509 Docket No. 5] are **OVERRULED**;

(2) The Report and Recommendation in Civil Number 07-4509 is **ADOPTED IN ITS ENTIRETY**;

(3) Petitioner's 28 U.S.C. § 2254 Petition [Civ. No. 07-4509 Docket No. 1] is **DENIED WITH PREJUDICE**;

(4) Petitioner's Motion for Temporary Restraining Order [Civ. No. 07-4509 Docket No. 2] is **DENIED WITH PREJUDICE**;

(5) Petitioner's Motions to Stay [Civ. No. 07-4509 Docket Nos. 7 and 8] are **DENIED WITH PREJUDICE**;

(6) Petitioner's Motions to Supplement Habeas Petition [Civ. No. 07-4509 Docket Nos. 12 and 13] are **DENIED WITH PREJUDICE**;

(7) Petitioner's 28 U.S.C. § 2241 Petition [Civ. No. 07-4518 Docket No. 1] is **DENIED WITH PREJUDICE**; and

(8) Petitioner's Ex Parte Motion for Writ of Mandamus [Civ. No. 07-4518 Docket No. 42] is **DENIED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 12, 2008.